Donald L. Swanson (NE Bar No 16385)
*Admitted Pro Hac Vice 1/10/19*
Koley Jessen P.C., L.L.O.
1125 S. 103rd St., Ste 800
Omaha, NE 68124
Telephone (402) 343-3726
Facsimile (402) 390-9005
Don.swanson@koleyjessen.com

Matthew L. Johnson (6004)
Russell G. Gubler (10889)
Ashveen S. Dhillon (14189)
JOHNSON & GUBLER, P.C.
8831 West Sahara Avenue
Las Vegas, NV  89117
Telephone (702) 388-1996
Facsimile (702) 471-0075
mjohnson@mjohnsonlaw.com

*Attorneys for Infogroup, Inc.*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>DATABASEUSA.COM LLC,<br><br>Debtor | Case No. BK-S-19-10001-BTB<br><br>Chapter 11 |

### EX PARTE MOTION OF INFOGROUP, INC., FOR RULE 2004 EXAMINATION OF DEBTOR AND EVEREST GROUP, LLC

Infogroup, Inc., ("Infogroup"), a creditor, moves the Court for an Order under Bankruptcy Rule 2004 authorizing Infogroup to obtain documents from and conduct examinations of the following:

    **Everest Group LLC ("Everest"); and**

    **DatabaseUSA.com LLC ("Debtor").**

In support of this Motion, Infogroup states as follows:

1

**Background**

1. On or about January 1, 2019, Debtor filed its Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code.

2. Debtor was organized as a limited liability company under the laws of the State of Nevada on October 26, 2009. Debtor was previously known by the name DATABASELLC but changed its name to DatabaseUSA.com LLC on March 19, 2012.

3. Infogroup is a creditor of Debtor. After a jury trial and verdict in its favor, Infogroup obtained a Judgment against Debtor in the U.S. District Court for the District of Nebraska (at Case No. 8:14-CV-49) in the principal amount of $11.2 million, plus interest, costs, attorneys fees and injunctive relief.

   a. The jury issued a unanimous verdict in favor of Infogroup and against Debtor on all seven of Infogroup's claims: (1) False Advertising; (2) Copyright Infringement; (3) Mark Infringement; (4) Unfair Competition; (5) Breach of the 2008 Separation Agreement; (6) Breach of the 2012 Settlement Agreement; and (7) Unjust Enrichment.

   b. In awarding attorneys fees of $426,250.10 under the Lanham Act, Judge Gerrard made these "exceptional case" determinations (see Infogroup's Proof of Claim #1-1, at 49 & 54 of Exh. B):

   > "Where a defendant's conduct was willful and deliberate, a court may well determine that it is the type of exceptional case for which an award of attorney's fees is appropriate"; and

   > "The Court determines that this is such a case. DatabaseUSA willfully and deliberately used Infogroup's marks, after promising it would not do so in the parties' 2012 settlement agreement.

   c. The Judgment is on appeal to the U.S. Eighth Circuit Court of Appeals (at Case No. 18-3723). *See* Infogroup's Proof of Claim # 1-1, Exh. D.

4. Everest holds a 90.13% ownership interest in Debtor, and Fred Vakili holds a 4.61% ownership interest. Other ownership interests are not disclosed. *See* Doc. 17 at 46.

5. Issues addressed in the jury trial have been around since Debtor's inception. As early as 2011, litigation arose between Debtor and Infogroup, resulting in a 2012 settlement agreement in which Debtor agreed to refrain from using Infogroup's proprietary assets. Yet, according to a Federal Jury and Judge, Debtor ignored and breached that agreement, resulting in the Judgment. Over many years, Debtor and Everest have created a financial structure, which provides an argument that Debtor is judgment-proof, despite Debtor's capacity to generate multiple millions of dollars of revenue each year.

6. A claim by Everest appears on Debtor's Schedule C in the amount of $34,439,363.00, secured by "All of Debtor's assets," and as neither "Contingent," "Unliquidated," nor "Disputed." Accordingly, Everest is not required to file a proof of claim with documentation supporting the amount, validity or enforceability of its claim (*see* FED. R. BANKR. P. 3003(c)(2)). A very large portion of such claim amount appears to be interest, and interest-on-interest, accrued over many years—full disclosure of which would be required in filing an actual proof of claim (*see* Official Proof of Claim Form, line 7).

7. The total scheduled value of Debtor's assets is $25,181,913.23 (*see* Doc. 1 at 4), $22,750,000.00 of which is from a disputed claim Debtor is asserting in a pending lawsuit (*Id.*, at 12). That leaves the total scheduled value of Debtor's business assets at less than $2.5 million.

8. Everest's $34.5 million scheduled claim is grossly disproportionate to the total scheduled value of Debtor's business assets.

9. Debtor's business is selling information from its databases. According to Debtor's website, its databases include: (i) "Business Database" on "15 Million Businesses," (ii) "Consumer / Homeowner Databases" on "245 Million Consumers," "150 Million Homeowners" and "250 Million Cell Phones," (iii) "Small Businesses Database" on "12.5 Million Businesses," (iv) "Professional

1  Databases" on "1 Million Doctors," "800,000 Lawyers" and "4 Million Nurses," and (v) "22 Million
2  Executives Database."  Yet, Debtor fails to explicitly schedule any interest in any database and,
3  apparently, includes such asset only vaguely in lines 60 through 65 of its Schedule B (*see* Doc. 17 at
4  11 of 54), with no attempt to provide a current value on any of such assets—instead, identifying only
5  a total "Net book value" for such assets of $441,945.87.

6        **10.**    Debtor responded "No" to this question on its Statement of Affairs: "Within 1 year
7  before filing this case, did the debtor provide an insider with value in any form" (*see* Doc. 17, at 35—
8  line 30).  Yet, Doc. 17 identifies various pre-petition payments to Everest and to other insiders (at 48 -
9  54).

10    **11.**    During the jury trial, Debtor acknowledged owning the databases that it uses—it never
11  contended or implied or suggested otherwise.  Yet, Debtor's representative created confusion on this
12  point, at the § 341 meeting of creditors, by (i) initially testifying Debtor owns the databases it uses, but
13  (ii) later in the same meeting testifying that another entity owns the same databases.  This confusion
14  needs to be addressed.

15    **12.**    Debtor and Everest have created additional confusion by playing fast and loose with
16  company names and tradenames and their citations to those names.  For example:

17            a.    "InfoFree" and "ATOZDATABASES" are registered tradenames of
18  DATABASELLC, which changed its name to DatabaseUSA.com LLC on March 19, 2012—
19  yet Debtor fails to identify such tradenames on line 2 of its Voluntary Petition or anywhere in
20  its Schedules;

21            b.    Debtor recently claimed that it transferred the website "Infofree.com" to a "Big
22  Data, LLC," which appears to be an entity formed within the last 15 months—Debtor's
23  testimony at the meeting of creditors is that any such transfers have been, or are being, undone;

24            c.    Websites for all such names appear to refer to the same databases—for
25  example, (i) Debtor's website references databases of "15 Million Businesses" and "245
26

Million Consumers," (ii) ATOZDATABASES's website references databases of "15 Million Businesses" and "240 Million Consumers," and (iii) Infofree's website references databases of "14 Million Businesses" and "200 million people"; and

    d.    Presumably, Everest, Debtor and their accountants have created and maintained records on how such names relate to each other; the ownership, nature and use of each name; when and how such ownerships, nature and uses of each have changed over the years; the financial condition (including assets, values and debts) relating to each; and how employees, revenues and expenses are allocated among them.

13.    The Federal Judge who issued the Judgment against Debtor and Vinod Gupta also entered a post-Judgment "Memorandum and Order" in the same case on December 17, 2018 (Doc. 532), which includes the following directives to Debtor and its accountants:

> "3.    The Defendants shall direct their accountants and other financial professionals (with a corresponding commitment from each of them) that all banking, tax and financial records, from and after January 1, 2012, in their possession or control, regarding any Defendant, will be maintained and preserved, without any spoliation"; and
>
> "4. No asset of any Defendant will be transferred, (i) outside the ordinary course of business, (ii) for less than a reasonably equivalent value, or (iii) to an insider."

### RULE 2004 Legal Authority

14.    Rule 2004 provides that "on motion of any party in interest, the Court may order the examination of any entity" and may compel the production of documents. FED. R. BANKR. P. 2004(a), (c).

15.    A Rule 2004 examination and production of documents may relate "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." FED. R. BANKR. P. 2004(b).

16. The scope of a Rule 2004 examination and request for production of documents is "extremely broad," and its purpose is to determine the condition, extent, and location of the Debtor's estate in order to maximize distribution to unsecured creditors. *In Re Lufkin*, 255 B.R. 204, 208 (Bankr. E.D. Tenn. 2000).

**Rule 2004 Document Production & Examination**

17. Infogroup seeks documents, electronically stored information and tangible things ("Documents"), and testimony from Debtor and from Everest on the following issues:

    a. The amount, validity and enforceability of, and consideration for, Everest's claim against Debtor and how this claim fits with cross-guarantees and cross-collateralization from other affiliated persons;

    b. Who owns, operates and maintains the databases that Debtor uses;

    c. Upon what terms and compensation and expense and employee allocation provisions do Debtor, Everest and other affiliated persons use such databases; and

    d. All intercompany relationships and transactions between Everest and each of its affiliated persons that relate in any way to Debtor.

18. Infogroup reserves the right to seek similar productions of documents and deposition testimony, under FED. R. BANKR. P. 2004, from Debtor's accountants and banks.

**Request for Relief**

19. Infogroup requests an order from this Court under FED. R. BANKR. P. 2004, directing that:

    a. Everest produce all Documents identified on the attached Exhibit "A," within 14 days of this Court's Order granting this Motion;

    b. Debtor produce all Documents identified on the attached Exhibit "B," within 14 days of this Court's Order granting this Motion;

c. Everest and Debtor, (i) produce their requested documents to Infogroup's attorney, Donald L. Swanson, at 1125 S. 103rd St., Suite 800, Omaha, NE 68124, and (ii) make their designated representatives available for examination, after satisfactory production of their respective Documents; and

d. Infogroup may issue subpoenas, if necessary, to compel production of documents and attendance of witnesses, (i) under FED. R. BANKR. P. 2004(c), Local Rule 2004(c), and FED. R. CIV. P. 45(a)(1)(C), as adopted by FED. R. BANKR. P. 9016, and similar laws, and (ii) under FED. R. CIV. P. 30(b)(6), as adopted under FED. R. BANKR. P. 7030 & 9014(c), and similar laws.

20. A proposed order, as required by Local Rule 2004(a), is attached as Exhibit "C."

WHEREFORE, Infogroup requests that the Court enter an Order granting this Motion and the specific relief requested above.

DATED this 15th day of February, 2019.

/s/ Donald L. Swanson                .
Donald L. Swanson (NE Bar No 16385)
*Admitted Pro Hac Vice 1/10/19*
Koley Jessen P.C., L.L.O.
1125 S. 103rd St., Ste 800
Omaha, NE 68124
Telephone (402) 343-3726
Facsimile (402) 390-9005
Don.swanson@koleyjessen.com

Matthew L. Johnson (6004)
Russell G. Gubler (10889)
Ashveen S. Dhillon (14189)
8831 West Sahara Avenue
Las Vegas, NV 89117
Telephone (702) 388-1996
Facsimile (702) 471-0075
mjohnson@mjohnsonlaw.com

*Attorneys for Infogroup, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Johnson & Gubler, P.C. and that on February 15, 2019, I caused to be served a true and correct copy of the EX PARTE MOTION OF INFOGROUP, INC., FOR RULE 2004 EXAMINATIONS OF DEBTOR AND EVEREST GROUP in the following manner:

[X]    **a.    Electronic Service**

Under Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

[ X ]    **b.    United States Mail**

By depositing a copy of the above-referenced document for mailing in the United States Mail, first class postage prepaid, at Las Vegas, Nevada, to the parties listed below at their last known mailing addresses, on the date above written.

Everest Group LLC
Attn: Incorp Services, Inc., R.A.
3773 Howard Huges Pkwy., Ste. 500S
Las Vegas, NV 89169

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: February 15, 2019.

/s/ Suzanne Alexander            .
An Employee of Johnson & Gubler, P.C.

8

**EXHIBIT "A"**

**DOCUMENTS REQUESTED FROM EVEREST GROUP LLC**

1. All Documents supporting Everest's scheduled claim, including but not limited to:

    a. All loan documents, including all promissory notes, all guarantees, all security agreements, all cross-collateralization agreements, and all financing statements upon which Everest bases its claims against Debtor or upon which Debtor's obligations to Everest are guaranteed or cross-collateralized by others;

    b. All Documents showing the existence, nature and purpose of each and every advance to Debtor and each and every payment or other credit, from the beginning of the loan relationship to the present time, that have resulted in a remaining amount claimed;

    c. All documents showing interest rate accruals on Everest's claim against Debtor and how much of the total balance of such claim consists of interest and/or interest-on-interest; and

    d. The "Affiliates Guaranty and Security Agreement Dated April 18, 2013," identified in Everest's UCC-1 filed against Debtor on April 22, 2013.

2. All Documents evidencing all post-petition advances and payments or other credits on Everest's scheduled claim, including any agreement for Everest to fund Debtor's post-petition expenses.

3. All Documents evidencing each and every ownership interest in the databases that Debtor uses in its business, since the time of Debtor's organization under the laws of the State of Nevada to the present.

4. All Documents:

9

      a.      Evidencing the terms under which databases that Debtor uses are operated and maintained; and

      b.      Identifying the employees who operate and maintain such databases, and who pays their salaries.

5.      All Documents evidencing each and every inter-company transaction between Everest and any of its affiliated persons, since the beginning of Debtor's existence to the present time, that relate in any way to Debtor.

6.      All directors and officers insurance policies.

7.      Documents identifying all owners of Everest, and their respective ownership percentages, from October 1, 2009, to the present time.

8.      All documents relating to the names ATOZDATABASES, Infofree and similar names, and evidencing or relating in any way to:

      a.      Relationships of each such names to Debtor and to each other;

      b.      Ownership, nature and use of each of such names;

      c.      When and how such ownerships, nature and uses have changed over the years;

      d.      The financial condition, assets, values and debts for each, including financial statements and financial reports;

      e.      The number of employees associated with each, and any overlap of such employees among Debtor, ATOZDATABASES and Infofree (and similar names); and

      f.      How employees, revenues and expenses are allocated and shared among them.

**EXHIBIT "B"**

**DOCUMENTS REQUESTED FROM DATABASEUSA.COM LLC**

1. All checking account records, including but not limited to checks, deposit slips, ACH transfers, other debits and credits, and bank statements from each and every one of Debtor's bank accounts, since the beginning of Debtor's existence to the present time.

2. All Documents evidencing each and every trade name under which Debtor has done business at any time since the beginning of Debtor's existence to the present, and what the current status is of Debtor's interest in each tradename.

3. All Documents evidencing all ownership interests in the databases that Debtor uses.

4. All Documents evidencing the terms under which Debtor and all other affiliated persons use the same databases.

5. All Documents identifying Debtor's full and part-time employees and independent contractors, by position and job description, and the extent to which each of such persons works for and/or is compensated by any other affiliated person.

6. All Documents evidencing a transfer of any asset, including any trade name or website, from Debtor to any other person affiliated with Everest since the beginning of Debtor's existence to the present time.

7. All directors and officers insurance policies.

8. All documents evidencing the change in numbers of Debtor's employees provided in sworn testimony: 200 employees at time of jury trial and 44 employees at time of Debtor's § 341 meeting.

9. All Documents supporting Everest's scheduled claim, including but not limited to:

a. All loan documents, including all promissory notes, all guarantees, all security agreements, all cross-collateralization agreements, and all financing statements upon which Everest bases its claims against Debtor or upon which Debtor's obligations to Everest are guaranteed or cross-collateralized by others;

b. All Documents showing the existence, nature and purpose of each and every advance to Debtor and each and every payment or other credit, from the beginning of the loan relationship to the present time, that have resulted in a remaining amount claimed;

c. All documents showing interest rate accruals on Everest's claim against Debtor and how much of the total balance of such claim consists of interest and/or interest-on-interest; and

d. The "Affiliates Guaranty and Security Agreement Dated April 18, 2013," identified in Everest's UCC-1 filed against Debtor on April 22, 2013.

10. All documents relating to the names ATOZDATABASES, Infofree and similar names, and evidencing or relating in any way to:

a. Relationships of each such names to Debtor and to each other;

b. Ownership, nature and use of each of such names;

c. When and how such ownerships, nature and uses have changed over the years;

d. The financial condition, assets, values and debts for each, including financial statements and financial reports;

e. The number of employees associated with each, and any overlap of such employees among Debtor, ATOZDATABASES and Infofree (and similar names); and

f. How employees, revenues and expenses are allocated and shared among them.

**EXHIBIT "C"**

**PROPOSED ORDER**

Donald L. Swanson (NE Bar No 16385)
*Admitted Pro Hac Vice 1/10/19*
Koley Jessen P.C., L.L.O.
1125 S. 103rd St., Ste 800
Omaha, NE 68124
Telephone (402) 343-3726
Facsimile (402) 390-9005
Don.swanson@koleyjessen.com

Matthew L. Johnson (6004)
Russell G. Gubler (10889)
Ashveen S. Dhillon (14189)
JOHNSON & GUBLER, P.C.
8831 West Sahara Avenue
Las Vegas, NV  89117
Telephone (702) 388-1996
Facsimile (702) 471-0075
mjohnson@mjohnsonlaw.com

*Attorneys for Infogroup, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEVADA**

| IN RE: | Case No. BK-S-19-10001-BTB |
|---|---|
| DATABASEUSA.COM LLC | Chapter 11 |
| Debtor. | |

**ORDER FOR RULE 2004 EXAMINATIONS OF DEBTOR AND EVEREST GROUP LLC**

1

This matter comes before the Court on the *Ex Parte Motion of Infogroup, Inc., for Rule 2004 Examination of Debtor and Everest Group, LLC* (the "Motion," Doc. ___).

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Infogroup, Inc., is authorized to issue, (i) subpoenas to Debtor and to Everest Group LLC for the production of documents, electronically stored information, or tangible things responsive to the descriptions in the Motion, and (ii) deposition subpoenas to Debtor and to Everest Group LLC.

IT IS SO ORDERED.

Respectfully Submitted By:

/s/ Donald L. Swanson                           .
Donald L. Swanson (NE Bar No 16385)
*Admitted Pro Hac Vice 1/10/19*
Koley Jessen P.C., L.L.O.
1125 S. 103rd St., Ste 800
Omaha, NE 68124

Matthew L. Johnson (6004)
Russell G. Gubler (10889)
Ashveen S. Dhillon (14189)
8831 West Sahara Avenue
Las Vegas, NV  89117

*Attorneys for Infogroup, Inc.*

# # #